# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# THIRD DIVISION

Michael E. Sawyer,                                        Civil No. 08-6191 JNE/AJB

             Petitioner,

v.                                                       **REPORT AND RECOMMENDATION**

M. Cruz,
Warden Federal Prison Camp–Duluth,

             Respondent.

       This matter is before the Court, Magistrate Judge Arthur J. Boylan, on petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 by a federal prisoner. The action has been referred to the magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Petitioner Michael Sawyer is confined at the Federal Prison Camp at Duluth, Minnesota, pursuant to conviction and sentencing in United States District Court, Northern District of Illinois, on wire fraud charges. Mr. Sawyer was sentenced to a term of 51 months, to be followed by three years supervised release. His projected released date, with credit for good time, is March 1, 2010.

       It is petitioner's claim in this action that respondent has improperly applied the Second Chance Act of 2007 ("SCA"), Public Law 110-199, by failing to grant him the maximum amount of community or home confinement allowed under the SCA. Petitioner has been advised that he would be eligible for Residential Reentry Center ("RRC") placement between September 1, 2009, and October 1, 2009, allowing him 150 to 180 days of pre-release residence in a halfway house. Petitioner seeks 11 months community or home confinement, commencing April 1, 2009, to accommodate his preparation and anticipated entry into a Ph.D. program at North

Central College, Naperville, Illinois, to which he has been accepted, starting late August or early September of 2009.  Petitioner acknowledges that he has not exhausted his administrative remedies, asserting that the administrative review processes could not be completed in timely fashion.  Respondents oppose the petition in this matter, asserting that Mr. Sawyer is not entitled to the relief he requests and, in addition, he must complete the BOP's three-part administrative process before seeking relief in federal court.  For the reasons discussed below, it is recommended that the amended petition [Docket No. 1] be dismissed without prejudice for failure to exhaust administrative remedies.

**Background and Claims**

Petitioner Michael Sawyer is a federal prisoner who is currently incarcerated at FPC–Duluth, Minnesota.  He was convicted in the Northern District of Illinois on wire fraud charges and was given a 51–month sentence, plus three additional years of supervised release.  His current projected release date is March 1, 2010.  A provision of the Second Chance Act gives the BOP authority to allow an inmate to spend as much as the last 12 months of his sentence in community or home confinement.  18 U.S.C. § 3624(c)(1).  To accommodate the maximum 12-month allowance, on October 29, 2008, Mr. Sawyer's unit team conducted a review of the prisoner's eligibility for RRC placement and recommended community confinement for 150-180 days.[1]  The unit team recommendation would permit the prisoner's RRC placement to begin sometime during the month of September 2009.

---

[1] Declaration of Angela Buege, Attachment B.

Meanwhile, petitioner submitted applications for entry into graduate schools[2] and has been accepted into a political science Ph.D. program at North Central College, Naperville, Illinois.[3] Mr. Sawyer's unit team had been advised of this circumstance at the time of the October 29, 2008, RRC placement review[4] by way of a written release plan submitted by the petitioner in which he requested that he be granted five months home confinement as a post-release adjustment period, in addition to six months halfway house placement, thereby allowing his release from incarceration on or about April 1, 2009. At the review meeting the unit team told petitioner that a prisoner is typically expected to obtain employment during RRC placement and to pay a portion of residence costs. Sawyer was further advised that any home confinement portion of his release plan could not be commenced prior to October 18, 2009, a pre-release preparation date upon which the prisoner is entering the final 10 percent of his projected imprisonment.[5] The review team concluded that 150–180 days was sufficient time for petitioner's reintegration into society.

In his petition Mr. Sawyer alleges that the BOP refusal to honor his request for 11-months community confinement is in violation of the Second Chance Act requirement that a prisoner be allowed sufficient time to establish a self-sustaining and law-abiding life and that community confinement be permitted under conditions that afford the prisoner a reasonable

---

[2] Petitioner advised the unit team that he was awaiting word on applications for admission to graduate programs at Yale, Harvard, and Princeton University. Declaration of Angela Buege, Attachment C.

[3] Petitioner holds a B.S. in political science from the United States Naval Academy and a Masters degree from the University of Chicago. Id., Attachment C.

[4] Id., Attachment C.

[5] Id., Attachment D.

opportunity to adjust to and prepare for reentry.  Petitioner asserts that the unit team's decision gives him insufficient time to make arrangements to attend school, and he further contends that the reasons provided for rejecting earlier RRC placement are contrary to the spirit of the SCA.  Specifically, the prisoner argues that an observation that he may have contrived the circumstance whereby he needed an early release to prepare for graduate school is invalid because any release plan requires some contrivance; the unit team's indication that the prisoner's attendance at school during halfway house placement may be grounds for re-incarceration is contrary to a United States Sentencing Guidelines § 5F.1 application note; a contention that he is subject to the 10 percent home confinement rule represents a categorical exclusion that precludes individual determination and is therefore inconsistent with the goals of the SCA; and a unit team suggestion that he could get an interim job teaching at a community or junior college until the next graduate school term is a practical impossibility.  Finally, petitioner argues that the respondent has improperly engaged in efforts to intimidate the petitioner and to otherwise undermine this civil action by fabricating grounds for incident reports and disciplinary actions.[6]

---

[6] Pursuant to Order dated December 22, 2008 [Docket No. 11], the court granted petitioner's motion to supplement the petition to include materials relating to a disciplinary incident which had been appealed to the Regional Office and returned to the institution for reconsideration based on procedural and administrative errors [Docket No. 8].  Petitioner has also filed a Supplement to Petition for Writ of Habeas Corpus, with Exs. 1-4 [Docket No. 22] and a second Supplement to Petition for Writ of Habeas Corpus [Docket No. 23] relating to incident reports for (1) refusing to accept a program assignment, and (2) being in an unauthorized area. Respondent has moved to strike the petition supplements at Docket Nos. 22 and 23, asserting that the matters addressed therein are not relevant to this action and claims asserted in the supplements have not been administratively exhausted.  Respondent states that a previous effort by Sawyer to allege claims addressed in the supplements were made in a habeas corpus petition that was summarily dismissed because they challenged conditions of confinement rather than the fact or duration of confinement.  See Sawyer v. Cruz, District Court Civil File No. 09-55 JNE/AJB.  In fact, Sawyer has been permitted to proceed in that action upon his submission of an appropriate civil rights complaint, along with the necessary filing fee, both of

There is no indication that the petitioner has actually lost good time credit as a result of disciplinary actions, and the record contains no direct evidence that the referenced incidents were considered in the unit team's RRC determination that is challenged in this case.

## DISCUSSION

**Exhaustion.** When grievance procedures exist to provide a means for impartial review, a federal prisoner must exhaust available administrative remedies within the correctional system before seeking extraordinary relief in federal court. Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974). The BOP has established a three-tiered administrative remedy program to address prisoner concerns relating to any aspects of confinement.[7] The first tier of the process requires that an inmate initially seek informal resolution of the grievance and, if there is no informal resolution he must present the complaint to the warden of the facility of confinement. 28 C.F.R. Part 542.13. Thereafter, at the second tier, an unsatisfactory response from the warden may be appealed to the BOP Regional Director, and finally, the response of the Regional Director may be appealed to the Central Office of the BOP at the third tier. 28 C.F.R. Part 542.15. A prisoner's complaint has been exhausted, and is thereby subject to district court review, upon receipt of the Central Office response.

---

which were filed on February 10, 2009. Summons were issued and mailed on February 13, 2009, for service by the plaintiff. With respect to petition supplements, the respondent's motion to strike the documents will be denied, though the pleadings and attachments will be considered only insofar as they may contain evidence and argument that the court deems pertinent to the initial petition. To the extent that petitioner may seek to allege additional claims in this § 2241 action, the pleadings are not in the form required under Local Rule 15.1, and the petitioner did not request and was not granted leave to amend.

[7] Declaration of Angela Buege, ¶ 8, citing BOP Program Statement 1330.13, *Administrative Remedy Program*, codified at 28 C.F.R. Part 542.

Petitioner expressly acknowledges that he has not followed the administrative remedy process in this matter and asserts that the process is inappropriate in this instance because prison officials can effectively "run out the clock" by obstructing the appeal process and delaying decisions until he no longer has a timely opportunity to seek judicial remedies. Sawyer essentially argues that exhaustion of administrative remedies is futile under circumstances in which he presumes that he will not be granted the relief he requests, and he will therefore be required to seek a judicial remedy in any event.

The prisoner's asserted justification for being excused from administrative exhaustion is fatally flawed. First, he contends that the administration at FPC-Duluth has and will obstruct the appeal process by delaying paperwork, as evidenced by the failure to respond to his attempt at informal resolution. By written request dated October 30, 2008,[8] Sawyer advised his case manager of his complaint, and the lack of a response by November 12, 2008, convinced the petitioner that a timely appeal was not possible.[9] The court is not persuaded that this time lapse is either significant or indicative of inordinate delay. The particular circumstance presented in the instance, i.e. a prisoner's request for RRC release based upon apparently legitimate efforts to obtain a Ph.D., is somewhat unique, and should merit a reasonable amount of time for contemplation and consideration, if not some discussion with other BOP officials. Therefore, the court finds no compelling evidence to support the claim that the prison administration was ignoring Sawyer's complaint, or that the appeal was doomed to fail at either the first tier, or at any subsequent administrative appeal level. The court does not hereby intent

---

[8] Petition, Attachment F.

[9] Petition, ¶ 18

to suggest what the administrative result ought to be, but only points out that the prisoner has not shown that his grievance would not get the fair and timely consideration that it deserves. Since the petitioner has not shown that the administrative process was futile, he has not provided grounds to be excused from the requirement that he exhaust administrative remedies and the petition should therefore be dismissed without prejudice.

Ironically, by seeking immediate federal court intervention in this matter the petitioner virtually ensures the delays that he only feared would be the result of the administrative process. While the court does not herein attempt to predict the ultimate outcome of this judicial action, by filing this case the petitioner has commenced a fully adversarial proceeding and the appellate rights that go with it, for both sides. Therefore, in a matter in which it is argued that time is of the essence, even an outcome wholly favorable to the petitioner in district court does necessarily mean that the petitioner's efforts to by bypass the administrative appeal process will have been fruitful. Indeed this case represents a clear manifestation the court's view of the value of the administrative review process as stated by the Eighth Circuit, such that "it may well benefit prisoners to seek administrative relief first since this may be both a more expeditious and advantageous source of relief from unlawful action . . . when proper grievance procedures exist, their utilization benefits the prisoner, the prison authorities and the courts." Green v. Federal Bureau of Prisons, 2002 WL 32619483 (D.Minn.)(unpublished opinion)(quoting Willis v. Ciccone, 506 F.2d 1011 at 1015).

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

It is hereby **recommended** that:

1. Michael E. Sawyer's supplemented Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus be **DISMISSED** without prejudice. [Docket Nos. 1 and 8]; and

2. Petitioner Michael E. Sawyer's Motion for Judgment on the Pleadings be **denied as moot** [Docket No. 27].

Dated:     February 19, 2009

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before March 5, 2009. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.